IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

## AFFIDAVIT

I, TFO David Stewart, being duly sworn, declare and state:

## TRAINING AND EXPERIENCE

Your Affiant, David M. Stewart, is a Detective for the Bismarck Police Department. Your Affiant has been with the Bismarck Police Department since May 2012. Your affiant is currently assigned to the Metro Area Narcotics Task Force as a Drug Enforcement Administration (DEA) Task Force Officer (TFO). While employed as a Police Officer, your Affiant has received training to including, Highway Drug Interdiction, Advanced Road Side Impaired Driving Enforcement, BCI Basic Investigators Course, Advanced Narcotic Raids and Undercover Survival course, and Drug Enforcement Administration (DEA) Basic Drug Enforcement Investigator's School. Your affiant completed the North Dakota Law Enforcement Academy 2012. Your Affiant has attended a two-week training sponsored by the DEA in the investigation of narcotics offenses including; the identification of substances, the methods of narcotics trafficking, the manufacture of narcotics, and methods used by those engaged in these activities. Your affiant has also received training for the use of informants, and narcotics investigation techniques. Your Affiant has also been instructed in the preparation of and service of search warrants and has assisted in the preparation and service of warrants. On March 23, 2018, Your Affiant was deputized as a DEA Task Force Officer pursuant to the authority granted to the Attorney General by Public Law 99-570, Section 1869 and delegated to the Administrator of the DEA, pursuant to Title 28, Code of Federal Regulations, subpart R, Section 0.100 et seq.

Through my investigations, training and experience, and discussions with other law enforcement personnel, I have become familiar with the tactics and methods employed by the

controlled substance traffickers to smuggle and safeguard controlled substances, to distribute controlled substances, and to collect and launder the proceeds from the sale of controlled substances.

### INTRODUCTION

The information contained in this affidavit is in support of the criminal complaint charging Michael Bryant ELIINGTON (YOB: 1987), and Byron Jerome COOPER (YOB:1988) with violations of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Possession with Intent to Distribute Controlled Substances), and Title 18, United States Code, Section 2 (Principal / Aiding and Abetting).

The following information is based on my own investigation, oral reports by other law enforcement officers, physical surveillance, public records, database checks, and consensual recordings. Since this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts necessary to establish foundation for the requested order. Conversations and discussions below are set forth in substance only unless noted. My interpretations of certain statements are set forth in parentheses or brackets, and are based upon my knowledge of this investigation. Dates and times are approximate. Individuals noted below who have been identified as "Subject" are persons your Affiant or other law enforcement agents have spoken with and interacted with, but whom charges are not being sought in the proposed Criminal Complaint.

## FACTS OR CIRCUMSTANCES

1. On October 16, 2019, members of the Metro Area Narcotics Task Force conducted an interdiction operation which was focused on interdicting narcotic pills coming into North Dakota via the bus system.

2. Your Affiant and other agents from the MANTF set up surveillance on the bus stop in Bismarck, North Dakota, prior to the bus's scheduled arrival at approximately 1:45 am.

3. Prior to the bus's arrival, Your Affiant spoke with the bus station attendant and inquired if there was any inbound passengers from Michigan. The attendant indicated that there were. Your Affiant was aware from numerous prior investigations that there are multiple oxycodone trafficking organization operating out of Michigan transporting large amounts of oxycodone 30mg pills to North Dakota for distribution. Your Affiant was also aware that these oxycodone trafficking organizations have used the bus system in the past to transport oxycodone 30mg pills from Michigan to North Dakota for distribution to others.

4. Your Affiant observed Michael ELLINGTON and Byron COOPER exit the westbound bus and enter the bus station. A short while later ELLINGTON and COOPER were observed getting into a minivan with North Dakota license plate B9778. The license plate was ran and was found to be registered to an address in New Town, North Dakota. Your Affiant was aware that many of the oxycodone pill trafficking cases he has had involvement with have significant ties to New Town and to the Fort Berthold reservation.

3

5. Your Affiant and Bureau of Criminal Investigation Special Agent Michael Mees followed the minivan when it left the bus station. The vehicle was followed to the intersection of 71st Avenue NE and highway 83. As the vehicle turned from 71st Avenue NE onto Highway 83 the driver of the vehicle failed to signal 100 feet prior to turning.

6. Your Affiant contacted Bismarck Police Patrol Officers who conducted a traffic stop near the intersection of 71st Avenue NE and Highway 83. TFO Stewart made contact with the front seat passenger of the vehicle who was identified as William WHITE OWL.

7. William WHITE OWL indicated that he and the driver of the vehicle, Frankie WHITE OWL, had picked up ELLINGTON and COOPER at the bus station in Bismarck, North Dakota, and were transporting them to New Town, North Dakota, for the purpose of ELLINGTON and COOPER distributing oxycodone pills.

8. The vehicle was searched thereafter. Two baggies of marijuana were located in ELLINGTON's duffle bag. A third marijuana package was located near the center console. The third package contained one-hundred-forty-nine (149) 30mg oxycodone pills. The pills were determined to be oxycodone 30mg pills based on the color and markings on the pills, and Your Affiant's familiarity with such pills based on prior investigations and experience. Further, based upon Your Affiant's training, education, and experience, I know that one 30mg oxycodone pill can be sold in the New Town, ND, area for between $70 – $80. Thus, the street value of the pills located in the vehicle is between $10,430 - $11,920.

9. Your Affiant spoke to Frankie WHITE OWL who indicated that she had picked ELLINGTON up from the bus one time previously and transported him to New Town for the purpose of oxycodone distribution. Frankie WHITE OWL stated that she thought she had purchased approximately fifty (50) oxycodone pills from ELLINGTON on the previous trip.

10. ELLINGTON and COOPER were transported to the Burleigh Morton Detention Center where as part of the booking process unclothed searches where conducted. During the unclothed search of COOPER, he was found to be in possession of a small plastic baggie which contained sixty (60) 30mg oxycodone pills. The bag was concealed in COOPER's groin area and was handed to Detention Officer Matthew Pazanin by COOPER during the unclothed search. The pills were determined to be oxycodone 30mg pills based on the color and markings on the pills, and Your Affiant's familiarity with such pills based on prior investigations and experience. Further, based upon Your Affiant's training, education, and experience, I know that one 30mg oxycodone pill can be sold in the New Town, ND area for between $70 – $80. Thus, the street value of the pills located on COOPER's person is between $4,200 - $4,800.

11. The total combined value of the two-hundred-nine (209) total pills possessed by ELLINGTON and COOPER is between $10,630 - $16,720.

The foregoing is true to the best of my knowledge and belief.

Dated at Bismarck, North Dakota, this 21st day of January, 2020.

DAVID STEWART, TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

~~Subscribed and~~ sworn to before me this 21st day of January, 2020, via telephone.

ALICE R. SENECHAL
UNITED STATES MAGISTRATE JUDGE